Sadie Marcello, et al. [1] v. Commissioner. Marcello v. Commissioner
Docket Nos. 83196-83198.
United States Tax Court
T.C. Memo 1968-243; 1968 Tax Ct. Memo LEXIS 57; 27 T.C.M. (CCH) 1222; T.C.M. (RIA) 68243; October 21, 1968. Filed *57 deQuincy V. Sutton, for the petitioners. Harold Friedman, for the respondent. DAWSON
Memorandum Findings of Fact and Opinion DAWSON, Judge: These cases are now before the Court on remand from the United States Court of Appeals for the Fifth Circuit pursuant to a mandate issued on September 7, 1967. Decisions were originally entered in these cases on May 24, 1965, in accordance with Memorandum Findings of Fact and Opinion (T.C. Memo. 1964-302) filed on November 19, 1964. In an Opinion filed June 16, 1967, and reported in 380 F. 2d 494, the Court of Appeals, affirming in part and reversing in part, remanded the cases to this Court for further proceedings in accordance with its opinion. A further hearing was held on June 18, 1968, in New Orleans, Louisiana. The general background of these cases is no longer in dispute, and our findings of fact T.C. Memo. 1964-302) were in no way disturbed by the Court of Appeals. In remanding the cases, the Court of Appeals said (380 F. 2d at p. 498): The taxpayers contend that any net operating loss incurred in 1948 should have been taken into account in determining whether income was understated *58 in the other years involved. The Tax Court did not rule on this claim, holding instead that the taxpayers apparently sought a refund for 1948 which obviously the Tax Court has no jurisdiction to grant. See Section 272(g), Internal Revenue Code of 1939. The Commissioner notes that the taxpayers did not plead a net operating loss. The operating loss resulted after the Tax Court allowed certain depreciation to be taken. Since the pleadings below preceded the Tax Court's decision on the depreciation, no net operating loss could have been pleaded. The Tax Court should make a finding as to the effect of the 1948 loss, if any, on the amount of income taxable in the other years involved. [Footnotes omitted.] The Tax Court decision as to the first three issues, not being clearly erroneous, is affirmed. The cause is remanded for further proceedings before the Tax Court and findings as to any loss in 1948 and the effect of any such loss in determining the deficiencies for 1946, 1947, 1949 and 1950. In order to resolve these factual questions additional findings of fact must be made. Additional Findings of Fact Vincent and Sadie Marcello (herein called petitioners) filed a joint Federal *59 income tax return for the year 1948 with the collector of internal revenue, New Orleans, Louisiana, in which they reported adjusted income of $26,769.50 consisting of the following items: Net gain from sale or exchange of capital assets (from separate Sch. D)
$ 1,435.27
Income from partnerships, estates and trusts and other sources Jefferson Music Co. 25,334.23
Total income from above sources
$26,769.50 Petitioners reported net income for 1948 on their joint income tax return of $25,769.50. The $1,435.27 of capital gain reported in petitioners' 1948 income tax return is 50 percent of $2,870.54, which amount is reflected in the return as "net long term capital gain or loss other than from partnerships." Jefferson Music Company filed a partnership return, Form 1065, for the year 1948 which reflected gross receipts in the 1223 amount of $103,555, ordinary net income of $38,418.46 and net long term capital gain of $12,250. Petitioners' distributable share of income from Jefferson Music Company was reflected in the return of Jefferson Music Company as consisting of ordinary net income of $19,209.23 and net long term capital gain of $6,125. The aggregate ($25,334.23) *60 of these two figures is the amount of income which is reflected in their 1948 return as coming from Jefferson Music Company. The books and records of Jefferson Music Company and of the petitioners were inadequate for the verification of the income and deductions reported on the partnership and individual returns for the year 1948, as well as for the years 1946, 1947, 1949 and 1950. A bank deposits and expenditures analysis as well as a net worth analysis was made by agents of the Internal Revenue Service for the year 1948, and also for the years 1946, 1947, 1949 and 1950. The analysis reflected that substantial net income was realized by petitioners and by Jefferson Music Company in each of the years 1946 through 1950. In the revenue agent's reports dated January 26, 1956, changes were proposed to the income of petitioners as reported in their returns for each of the years 1946 to 1950, inclusive. The agent's reports were not adopted in all respects by the respondent, and notices of deficiencies were subsequently issued reflecting amounts of adjustment other than those proposed in the revenue agent's reports of January 26, 1956. Statutory notices in every year including 1948 *61 reflected deficiencies greater than those which had been originally computed in the reports of January 26, 1956. A major point of difference between the notices of deficiencies and the revenue agent's reports of January 26, 1956, was in the category of allowable depreciation. The notices issued to petitioners did not allow depreciation on any assets acquired prior to January 1, 1946. The revenue agent's reports did make such an allowance. This Court in its opinion in these cases (T.C. Memo. 1964-302) allowed an additional amount of depreciation in the years before the Court over the amount allowed in the notice of deficiency. We concluded that in each of the years 1946, 1947, 1949 and 1950 depreciation was allowable on equipment acquired prior to January 1, 1946, and on hand during the years before the Court. We further found that those amounts of depreciation originally determined by the revenue agent but not allowed in the notices of deficiencies for the years before the Court (1946, 1947, 1949 and 19501 were reasonable, and depreciation was found to be allowable in the years 1946, 1947, 1949 and 1950 in amounts identical to those allowed in the revenue agent's reports of January 26, 1956. *62 The year 1948 was not before the Court in the prior proceeding on these dockets. The year 1948 was before the Tax Court in an earlier proceeding which carried docket No. 93419 and involved Vincent and Sadie Marcello as party petitioners. That proceeding was dismissed by an order of dismissal dated November 20, 1961, which read as follows: ORDERED, and DECIDED, that there are no deficiencies in income tax due from, or overpayments due to, petitioners for the taxable years 1948, * * * For the year 1948 the revenue agent's report concluded that after an allowance for depreciation in the amount of $37,514.87, the net profit of Jefferson Music Company (including capital gains) was $21,284.89. The $21,284.89 consisted of ordinary net income of $892.70 and capital gain of $20,392.20. The depreciation allowance of $37,514.87 consisted of depreciation on all assets on hand as of January 1, 1948, including all of those acquired by Jefferson Music Company prior to January 1, 1946, and not fully depreciated as of January 1, 1948. Based on application of the conclusions reached in the report of Jefferson Music Company including the proposed allowance of additional depreciation to Jefferson *63 Music Company in the amount of $37,514.87, Vincent and Sadie Marcello had corrected net income for 1948 of not less than $13,259.44. The $13,259.44 includes a capital gain distribution from Jefferson Music Company. The amount of capital gain included in the $13,259.44 figure is $5,098.05, which was 50 percent of petitioners' actual capital gain distribution from Jefferson Music Company, that distribution being in the amount of $10,196.10. Ultimate Findings 1. Jefferson Music Company did not sustain a net operating loss in the year 1948, but realized a substantial net profit in that year. 2. Petitioners did not sustain a net operating loss or a loss of any kind in the year 1948. 1224 Opinion Our ultimate findings are dispositive of the factual issues involved herein. It is clear from the additional facts established at the hearing on remand that there was no loss in 1948. Therefore, petitioners are not entitled to any net operating loss deductions in any of the years 1946, 1947, 1949 and 1950. Accordingly, Decisions will be entered for the respondent. Footnotes
1. Proceedings of the following petitioners are consolidated herewith: Vincent Marcello, docket No. 83197, and Vincent and Sadie Marcello, docket No. 83198.↩